This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The Summit County Court of Common Pleas convicted Michael T. Hoagland ("Hoagland") of rape, in violation of R.C. 2907.02(A)(2), and sexual battery, in violation of R.C. 2907.03(A)(2). The trial court also adjudicated Hoagland a sexual predator. Hoagland appeals his sentence and the sexual predator determination. We affirm.
 I.
The Akron Police Department arrested Hoagland after receiving information from the National Center for Missing and Exploited Children ("NCMEC"). The NCMEC reported that an Akron Internet user was sending child pornography over the Internet. The police confirmed the e-mail address as belonging to Richard Jennings ("Jennings") and conducted an investigation into the Internet pornography. As a result of the investigation, the police learned that Hoagland had introduced Jennings to a couple of the teenage boys that were photographed. Hoagland admitted that on three separate occasions he engaged in oral sex with two teenage boys, ages 13 and 17.
The grand jury indicted Hoagland on three counts of rape and three counts of sexual battery. On May 26, 2000, Hoagland pleaded guilty to one count of rape and one count of sexual battery and the trial court dismissed the remaining counts. The trial court found Hoagland guilty of the charges and sentenced him to the maximum sentences: ten years for the rape and five years for the sexual battery. The sentences are concurrent.
Immediately following the sentencing hearing, the trial court adjudicated Hoagland a sexual predator. This appeal followed.
 II. First Assignment of Error THE TRIAL COURT ERRED AND ABUSED [ITS] DISCRETION BY FAILING TO RELY ON SUFFICIENT EVIDENCE TO SATISFY THE STATUTORY REQUIREMENTS FOR IMPOSITION OF A MAXIMUM PRISON SENTENCE.
In his first assignment of error, Hoagland challenges the trial court's imposition of maximum sentences. He argues that the maximum sentences are not supported by sufficient evidence and the that the trial court did not make a record of its findings at the sentencing hearing. We disagree.
R.C. 2929.14 is concerned with the imposition of sentences in felony proceedings. Under R.C. 2929.14(C), a trial court may impose a maximum prison term on a defendant who has met one of four criteria: 1) the defendant committed the worst form of the offense; 2) the defendant poses the greatest likelihood of committing future crimes; 3) the defendant is a major drug offender of the type set forth in R.C. 2929.14(D)(3); or 4) the defendant is a repeat violent offender of the type set forth in R.C.2929.14(D)(2). R.C. 2929.19(B)(2)(d) also mandates that if the trial court imposes a maximum prison term allowed for an offense under R.C.2929.14(A), the court must give its reasons for that decision.See Statev. Edmonson (1999), 86 Ohio St.3d 324, 328-329.
On appeal, Hoagland challenges the sufficiency of evidence that the trial court relied on in reaching its determination that this was the worst form of the offense. In support of his argument, he asserts that the trial court failed to consider the fact that the sex was consensual and that there was no force involved. Additionally, Hoagland argues that the evidence did not support the trial court's determination that the teenage boys would probably be in counseling for the rest of their lives.
We begin by noting that a pre-sentence investigation report and victim impact statements were prepared for purpose of sentencing. At the sentencing hearing, Hoagland's attorney stated that he had reviewed the pre-sentence investigation report and believed "it to be accurate." As part of the pre-sentence investigation report, Hoagland made a statement where he admitted "I think about what I have done and realize now the affect this will have on these boys [lives]." One of the victims reflected on the offense and stated "rape is worse than murder because you have to live with that for the rest of your life[.]"
At the sentencing hearing, the trial court explored the psychological impact of these offenses on the teenage boys, stating that the damage would "follow them the rest of their life." The trial court sentenced Hoagland to the maximum sentence for rape and sexual battery and reasoned that having sex with young boys, ages 13 and 17, permanently damaged the boys. The trial court stated:
 the Court had considered giving you the minimum sentences in reference to these offenses, but to do so would demean the seriousness of the offense and not adequately protect the public from future crime. In addition, the Court finds that this is one of the worst forms of offenses, having oral sex with children who are now required to be in counseling, perhaps for the rest of their life.
We find the trial court's statements evidence the court's concern about the seriousness of Hoagland's crime and that the trial court indicated Hoagland committed the worst form of the offense. See R.C. 2929.14(C). The trial court made the requisite findings to impose the maximum sentences at the sentencing hearing and stated its reasons for imposing the maximum sentences. See Edmonson, 86 Ohio St.3d at 328-329. Accordingly, Hoagland's first assignment of error is overruled.
 III. Second Assignment of Error THE TRIAL COURT ERRED IN ADJUDICATING APPELLANT A SEXUAL PREDATOR BY RELYING UPON INSUFFICIENT EVIDENCE WHICH FAILED TO MEET THE STATUTORY CRITERIA AS CONTAINED IN [R.C. 2950.09.]
In his second assignment of error, Hoagland argues that the trial court's determination that he is a sexual predator was not supported by sufficient evidence. We disagree.
If an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(B). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard.Cross v. Ledford (1954), 161 Ohio St. 469, 477; see, also, State v.Cartwright (Nov. 25, 1998), Lorain App. No. 97CA006782, unreported, at 6.
On appeal, Hoagland argues that several of the statutory factors do not apply to this case. Specifically, he states that he has no prior sexually oriented convictions, that the use of drugs and alcohol were not involved and that he did not use cruelty or threats with the teenage boys.
We note that the trial court was not required to mention each of the statutory factors in its decision, but merely to consider each factor in arriving at its decision. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported, at 5-6, citing State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported, at 9. These factors need not be weighted or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v. Francis (June 16, 1999), Summit App. No. 18791, unreported, at 6, citing State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP- 689, unreported, 1999 Ohio App. LEXIS 1793.
A review of the record in the case sub judice demonstrates the trial court's classification of Hoagland as a sexual predator is supported by clear and convincing evidence. The record indicates the trial court considered the evidence and testimony in light of the factors listed in R.C. 2950.09(B)(2) before concluding Hoagland should be classified a sexual predator. The trial court considered the number of victims, the age of the victims (13 and 17), the multiple offenses, as well as Hoagland's prior convictions. Our independent examination of the record supports trial court's conclusion that, by clear and convincing evidence, Hoagland qualifies as a sexual predator.
Hoagland's second assignment of error is overruled.
 IV.
Having overruled both of Hoagland's assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
____________________________ WILLIAM G. BATCHELDER
BAIRD, J., CARR, J. CONCUR